BEER, Judge.
Tort action by plaintiff-appellee Bradford against New Orleans Public Service, Inc. for damages resulting from injuries allegedly sustained as she boarded the St. Charles streetcar.
Bradford contends that as she placed her left foot on the streetcar step, reaching for the vertical rail in the doorway of the car, the motorman prematurely closed the door and dragged her ten to fifteen feet before stopping.
At trial, appellant sought to present a demonstration of the mechanical process which regulates the closing of the streetcar door. The trial court remarked that very little weight would be given such demonstration since the condition of the streetcar could not possibly have remained the same from the time of the accident to the time of trial. Nevertheless, the court observed:
“Step or door, you’re not going to convince me. Let me tell you what you can do, you can come back and I’ll let you make a proffer, if I allowed you to go ahead and have me look at it and demonstrate, you would have proven the following and we will put that in the record in case the Court of Appeals disagrees with me.”
Upon reopening of the case for the purpose of permitting the proffer, appellant attempted to adduce the testimony of their equipment engineer, S. A. Mitchell. Refusing to permit such testimony, the judge required that the proffer be made by a statement from counsel covering what the witness would have stated under oath.
The following transpired:
“THE COURT:
This is a proffer.
MR. MAHER:
Exactly that the operation of the front doors of a streetcar, mechanical system that is involved with the operation and closing of the doors and step as in relation to this accident, how it was suppose to happen, couldn’t have taken place according to the way the plaintiff has alleged.
THE COURT:
Okay.
MR. BIRDSALL:
To which we object.
THE COURT:
Marked as a proffer.
MR. MAHER:
He can’t testify?
THE COURT:
That’s right, do you think I’m going to hear him testify when I’m not going to pay attention to his testimony.
*615 MR. MAHER:
I thought I could proffer it.
THE COURT:
If you remember my position was the other day, that what I told you I thought I would do, now I have done to you what I told you I would do.” (Tr. pp. 5-6, second hearing.)
The Official Revision Comments regarding LSA-C.C.P. art. 1636 state:
“This article vests in the court discretion to determine whether evidence held inadmissible should be recorded verbatim or whether the record should contain only a statement as to the nature thereof.”
Therefore, the issue here is not the correctness of the form of the proffer insisted upon by the judge (as is suggested by appellant’s argument and brief), but, rather, the correctness of excluding the evidence sought to be adduced. See, e. g., McCauley v. Manda Brothers Provisions Co., 202 So.2d 492 (La.1967) (where the case was remanded because testimony proffered was admissible, not because the form of proffer was improper).
In our view, the expert evidence sought to be introduced by appellant was improperly excluded. The district court may have chosen to give it little weight for valid reasons, but the record fails to indicate a satisfactory basis upon which it should have been excluded. It is apparent that appellant’s counsel sought to demonstrate that the injury causing accident could not have taken place in the manner described by plaintiff. The court deprived him of this prerogative, apparently being of the view that the evidence already adduced had convinced the court that the accident had, indeed, happened in the manner described by the plaintiff.
Accordingly, we now consider this record as if evidence had been adduced by defendant in support of its contention with respect to the operation of the streetcar doorway and step. Specifically, we now consider the record as though it included affirmative testimony from defendant’s expert witness that the door could not close in the manner described by the plaintiff if the plaintiff’s weight were upon the bottom step of the streetcar.
Making the assumption noted above, the record would contain conflicting evidence as to the cause of the accident. Based upon this conflicting evidence, can we say that the trial court manifestly erred in its ultimate conclusion regarding the reason for the accident and was in error in accepting the version of the accident described by the plaintiff and, to some degree, confirmed by the testimony of the motorman? To do so would be to substitute our factual determinations for those of the trial judge even though there is support in the record for the trial judge’s conclusions. Nor do we perceive a useful purpose to be served by remanding the case for the purpose of permitting the introduction of that evidence which was improperly excluded. Indeed, judicial economy requires that we affirm, since the record supports the trial court’s ultimate conclusion with respect to liability or, at least, supports the proposition that such a conclusion is not manifestly erroneous.
Accordingly, the judgment is affirmed.
AFFIRMED.